IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
ENTERED

JUN 14 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| THOMAS H. BARANOWSKI, § | |
| TDCJ-CID No. 378384, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-03-3842 |
| § | |
| LARRY HART, et al., § | |
| § | |
| Defendants. § | |

## ORDER

Thomas H. Baranowski, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a motion for a Temporary Restraining Order [TRO] (Docket Entry No. 24) in which he claims that guards have taken prisoners' items without any authorization. Baranowksi has also filed a motion seeking court intervention (Docket Entry No. 22) regarding the alleged taking of items. Baranowksi has specifically alleged that he and other inmates who are practicing Jews have ordered the delivery of kosher food items from an outside firm for their consumption within the prison during Passover. However, Rabbi David Goldstein told them that officials in charge of prison security have refused to deliver the items claiming that they presented a security risk.

Baranowski alleges that one of the Jewish prisoners discovered that four pounds of pastrami (valued at $ 14.99 per pound) and a filet of smoked salmon (valued at $ 18.00) were stolen while the items were in the defendants' custody. Although Rabbi Goldstein has been assured that the food would be given to the Jewish prisoners, the confiscated items have not been returned. Baranowski asserts that the food was taken in violation of TDCJ-CID policy and that there was no authorization for the expropriation. He requests that the court issue a TRO to remedy the wrongful taking of the prisoners' property.

To obtain a TRO, Baranowski must show: (1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest. *Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997). The decision to grant an injunction is within the court's discretion. *Id.*

Baranowski claims that prison officers wrongfully took prisoner property and that the taking was unauthorized. An inmate's claim that the defendants deprived him of his property does not state a cause of action where the state provides a remedy. *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). Texas does provide such a remedy to prisoners as well as to the general public. *See* TEX. GOVT. CODE § 501.007-008 (Inmate Grievance System). *See also Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995). Under Section 501.007 of the Texas Government Code, prisoners may file a grievance with the prison system regarding property that may have been lost or damaged. This is the exclusive remedy available to prisoners. TEX. GOVT. CODE § 501.008. There is no indication that Baranowski has availed himself of this remedy. Moreover, Baranowski has not exhausted his administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S.Ct. 983, 992 (2002).

Accordingly, Baranowski's motions for court intervention and a TRO (Docket Entry Nos. 22 and 24) are **DENIED.**

Two inmates, Tom White and Scott R. Portnoy, have filed motions seeking permission to intervene in this action. The motions to intervene were filed more than a month after the defendants filed their dispositive motions and more than a year after the suit was filed. No explanation for the delay has been provided. Accordingly, White and Portnoy should not be allowed to intervene because

their requests are untimely. *See Save Our Springs Alliance Inc. v. Babbitt*, 115 F.3d 346 (5th Cir. 1997).

Therefore, the motions (Docket Entry Nos. 19 and 20) are **DENIED**.

The defendants have filed a motion to stay the proceedings and motion to dismiss the claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA) on the grounds that the Act is unconstitutional because it violates the Establishment Clause. *See Cutter v. Wilkinson*, 349 F.3d 257 (6th Cir. 2003), *cert. granted*, 125 S.Ct. 308 (2004). The Supreme Court has recently upheld the constitutionality of the RLUIPA and determined that it does not violate the Establishment clause. *Cutter v. Wilkinson*, --- S.Ct. ----, 2005 WL 1262549 (May 31, 2005).

Therefore, the motions (Docket Entry Nos. 14 and 16) are **DENIED**.

### Conclusion

The court **ORDERS** the following:

1. Baranowski's motions for TRO (Docket Entry No. 24) and court intervention (Docket Entry No. 22) are **DENIED.**

2. The defendants motions for stay (Docket Entry No. 14) and for dismissal (Docket Entry No. 16) are **DENIED**.

3. The motions for intervention ((Docket Entry Nos. 19 and 20) are **DENIED** and Tom White and Scott R. Portnoy are **DISMISSED** from this action.

**SIGNED** on this 13th day of June, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE